The **PEOPLE** of the State of Colorado, Plaintiff–Appellee,

v.

William **SERRANO,** Defendant–Appellant.

No. 88CA0672.

Colorado Court of Appeals, Div. I.

Aug. 2, 1990.

Rehearing Denied Sept. 13, 1990.

Certiorari Denied Feb. 4, 1991.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., William Morris, Sp. Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Thomas R. Williamson, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge SMITH.

The defendant, William Serrano, appeals a judgment entered on jury verdicts finding him guilty of distribution and sale of cocaine and conspiracy to distribute cocaine. We affirm.

The defendant claims that the conspiracy at issue here may be likened to a "wheel and hub," involving a "Headquarters" as the "hub" and numerous, unrelated drug dealers as the "spokes." He argues that evidence of drug transactions between "Headquarters" and persons other than the defendant should not have been admitted because it was irrelevant. Alternatively, he argues that the evidence, if relevant, should have been excluded because its prej-

udicial effect outweighed its probative value. We do not agree.

■ In proving that a "wheel and hub" conspiracy is a single conspiracy, rather than multiple conspiracies, there must be evidence of an agreement among all of the actors. *See United States v. Kenny*, 645 F.2d 1323 (9th Cir.1981). However, there need not be evidence of a formal agreement; rather, it is sufficient to show that each conspirator knew or had reason to know of the existence and scope of the conspiracy and that each had reason to believe that *his* benefit depended upon the success of the entire venture. *See United States v. Kenny, supra; United States v. Mendoza*, 876 F.2d 639 (8th Cir.1989).

Further, it is not necessary to prove that each conspirator knew every other conspirator so long as an overall plan with a common object is shown. *See United States v. Watson*, 594 F.2d 1330 (10th Cir. 1979); *People v. Quintana*, 189 Colo. 330, 540 P.2d 1097 (1975). *See also* § 18–2–201(3) C.R.S., (1986 Repl.Vol. 8B) (a person who knows that a co-conspirator has conspired with a third person to commit the same crime is guilty of conspiring with the third person, whether or not he knows that person).

■ Here, there was evidence that the defendant obtained drugs from "Headquarters" for several people on numerous occasions; that he received property and cash in exchange for the drugs; that 38 phone calls were made from his residence to "Headquarters" in a five-day period; and that he obtained the "Headquarters" phone number directly from a member of that operation. There was also evidence that "Headquarters" used telephones and pager units to arrange drug deals and that many persons acted as dealers for "Headquarters."

This evidence shows that the defendant knew of the existence of "Headquarters," and the jury could infer that he knew or had reason to know of the operation's scope. The evidence also permits the inference that the defendant's success was dependent upon a continued supply of drugs from "Headquarters." Accordingly, the evidence was relevant.

Furthermore, we are not persuaded that the evidence of transactions between "Headquarters" and third persons was inadmissible because its prejudicial effect outweighed its probative value. It was directly probative of facts of consequence to this case, concerning the existence and scope of "Headquarters" and the nature of the entire operation. The step from this evidence to an inference of the defendant's dependence on the conspiracy's success is very short. *See Vialpando v. People*, 727 P.2d 1090 (Colo.1986). Hence, the trial court did not err by admitting this evidence.

We note that there was sufficient evidence in the record to support a finding by the jury that an individual conspiracy to distribute cocaine existed between defendant and "Headquarters" which even by itself was sufficient to support the jury's verdict on the conspiracy issue. Likewise, the evidence was sufficient to support the jury's verdict of guilty of distribution and sale of cocaine.

The judgment is affirmed.

PIERCE and DAVIDSON, JJ., concur.